UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MEMO ENDORSED

| |
|---|
| UNITED STATES OF AMERICA, |
| -against- |
| MARLON CLENISTA, |
| Defendant. |

No. 1:15-cr-00682-LAK-4

**ORAL ARGUMENT REQUESTED**

## NOTICE OF MOTION FOR COMPASSIONATE RELEASE

Marlon Clenista respectfully moves the Court, pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), for an order of compassionate release due to his family circumstances, health risks, and the COVID-19 pandemic, all of which combine to create extraordinary and compelling reasons warranting Mr. Clenista's reduction in sentence. Additionally, the factors set forth in 18 U.S.C. § 3553(a) demonstrate that Mr. Clenista has served a sentence that is sufficient, but not greater than necessary, to satisfy the goals of sentencing. Accordingly, Mr. Clenista requests that the Court grant his motion and enter an order of compassionate release.

## LEGAL STANDARD

Under the First Step Act, a court "may reduce the term of imprisonment . . . after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . ." 18 U.S.C. § 3582(c)(1)(A)(i). "The determination as to what constitutes extraordinary and compelling reasons warranting a reduction is committed to the sound discretion of the district court." *United States v. Roney*, No. 20-1834, __ F. App'x __, __, 2020 WL 6387844, at *1 (2d Cir. Nov. 2, 2020) (citing *United States v. Brooker*, 976 F.3d 228, 236–37 (2d Cir. 2020)).

<u>Memorandum Endorsement</u>　　　　　　　　　　<u>United States v. Clenista, 15-cr-0682 (LAK)</u>

The motion is denied.

1.　　Defendant claims, albeit without submitting any competent proof, that he applied to the warden of the relevant facility for compassionate relief. The government, also without the benefit of any competent proof, claims that the facility has no record of any such application. Accordingly, there is an issue of fact as to whether the letter, a copy of which has been submitted and which defendant claims was submitted, ever actually was submitted to the warden. In view of the fact that this application has been pending for more than thirty days, the facility certainly has had sight of the alleged application for the minimum requisite period and has not acted. Regardless of whether it is justified in failing to have done so on some administrative basis – e.g., that the application was not submitted according to any procedures specified by the Bureau of Prisons – the Court will not deny defendant's motion on the basis of failure to exhaust.

2.　　The government's opposition presupposes that the Court is obliged to apply USSG § 1B1.13. The Second Circuit now has made clear that that obligation no longer obtains in light of the First Step Act. Accordingly, the Court will not deny the motion on that basis.

3.　　What remains to be decided is whether defendant has shown extraordinary and compelling circumstances and, if so, whether the application should be granted or denied in light of the Section 3553 factors.

4.　　Defendant and other inmates understandably are concerned about the spread and risks of the COVID-19 pandemic. These concerns are legitimate. The risk of infection does appear to be greater in prison populations than in the general population outside, and that fact warrants consideration in deciding motions such as this. But the risks unfortunately are very significant for the entire nation and, for that matter, the world. So while release of inmates, as a general matter, may reduce the risk of infection in those released, it most assuredly does not eliminate it. And the risks must be considered in context. While conditions at the facility at which defendant is incarcerated, in terms of percentage of the inmate population suffering from active infection, are not ideal, they are considerably better than they might be. According to defendant's reply memorandum, there are 16 active cases among inmates at USP Lompoc, which must be taken against an inmate population of 830. In other words, the incidence of active infections among the inmates is about 2 percent. And while there reportedly are five active infections among BOP staff members, defendant does not contend that any of those individuals is working in the facility rather than in quarantine. Furthermore, according to the BOP web site on January 25, all visitation currently is suspended at USP Lompoc, thus reducing (but not eliminating) the risk of community spread into the facility. In short, while the pandemic in a colloquial sense certainly is an extraordinary and compelling circumstance that few outside the public health profession contemplated until the last year, it is debatable that defendant's personal circumstances satisfy the extraordinary and compelling standard mandated by the relevant statute, especially given his medical history and age. Nevertheless, for the sake of the current application, I assume without deciding that it has been satisfied.

5.　　In the last analysis, the Court cannot overlook defendant's substantial criminal

2

history, the fact that this is his second conviction for distributing or conspiring to distribute methamphetamine, and his audacity in committing this offense while still on supervised release after having been released from incarceration on his last conviction for substantially the same crime. The need to recognize the seriousness of his offense, to provide a just punishment, to protect the public from further such activity by defendant, and defendant's characteristics all counsel against granting his motion.

Accordingly, the motion [Dkt 179] is denied. The Clerk is directed to terminate Dkt 184, which was docketed incorrectly as a letter motion.

SO ORDERED.

Dated:     January 26, 2021

_____
Lewis A. Kaplan
United States District Judge